# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

25-CV-05990 (RER) (MMH)

———————————————

Hai Yan Deng

versus

Carl V. Caputo, Tax No. 936298

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Hai Yan Deng ("Plaintiff"), who is currently incarcerated at Bedford Hills Correctional Facility, filed this action on October 24, 2025. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. After carefully reviewing the record, and for the reasons set forth herein, the complaint is dismissed.

## BACKGROUND

Plaintiff claims that after her conviction, Officer Caputo "transferred all of [her] valuable property" to Justin Li's family, the man she was convicted of

killing.[1] (ECF No. 1 at 4). Plaintiff states that she was told that the property in question was in the victim's name and, therefore, was not released to her. (*Id.*) She argues that Officer Caputo's negligence caused her harm and that she is a victim of robbery because she did not consent to her property being transferred to the victim's family. (*Id.*) The property includes an iPad and multiple cellphones. Plaintiff requests the return of the property and monetary damages.

This is the second action that Plaintiff has filed asserting these claims. *See Deng v. NYPD 109th Det. Squad in Flushing Queens, et al*., No. 25-cv-05370-RER-MMH. That action was dismissed by Memorandum and Order dated October 6, 2025, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), after finding that the Plaintiff had an adequate state post-deprivation remedy available. (*Id.* at ECF No. 10).

---

[1] *See* https://queensda.org/queens-woman-sentenced-to-27-years-in-prison-for-manslaughter-and-burglary/ (last visited October 27, 2025) (Queens County District Attorney's Office press release noting that Plaintiff was sentenced to 27 years in prison for killing Justin Li, as well as, a separate charge for burglary).

## LEGAL STANDARD

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, courts must assume the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents, and dismiss the complaint, or any portion of the complaint, if the complaint or a portion of it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is "mandatory").

## **DISCUSSION**

Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. This is the second case that Plaintiff has filed regarding the same set of allegations; the only distinction is that she has named a different defendant in this case. Under the doctrine of claim preclusion, also known as *res judicata*, a litigant may not bring a claim in a new civil action that was raised, or could have been raised, in an earlier civil action in which the same parties or their privies were involved, if the original claim resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). *Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (citing *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)); *Gibbs v. Bank of Am., N. A.,* No. 22-CV-00011, 2022 WL 1469402, at *3 (E.D.N.Y. May 10, 2022).

Further, "[c]ollateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters,*

*Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002) (citations omitted). Collateral estoppel "bars relitigation of a specific legal or factual issue in a subsequent proceeding where: '(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.'" *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001). The Plaintiff can be estopped from litigating issues she fully and fairly litigated in a prior proceeding, even against defendants not named in that suit. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979); *McKenzie v. Wilmington Sav. Fund Socy., FSB as Tr. of Standwich Mortg. Loan Tr. I*, No. 24-CV-7665, 2025 WL 2772854, at *4 (E.D.N.Y. Sept. 29, 2025).

The doctrines of *res judicata* and collateral estoppel preclude Plaintiff from reasserting the same issues arising from the same nucleus of facts raised in her prior action, even though that case involved different defendants.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed. *See* 28 U.S.C. § 1915A(b)(1). The Clerk of Court is respectfully directed to enter

judgment dismissing the action and mail a copy of the judgment and this Order to the Plaintiff.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Hon. Ramón E. Reyes, Jr.

Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.10.28 18:35:19 -04'00'

_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 28, 2025
         Brooklyn, New York